OPINION
{¶ 1} Appellant Peyton Sumpter appeals the April 22, 2004, Judgment Entry entered by the Stark County Court of Common Pleas, wherein the trial court overruled Appellant's objection the magistrate's decision.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On January 16, 2004, Appellant Peyton Sumpter, age 17, was arrested and charged with one count of possession of cocaine, a fifth degree felony.
 {¶ 4} Appellant, a student at Timken High School, was heard by one of the teacher's to be making a noise in the hallway described as "knocking". (T. at 6). The teacher, Mr. Steve Turner, further described the noise as clicking and whistling sound. (T. at 10). He stated that he has heard this noise at the school on several occasions and understood it to mean that one student was letting others know that he had something to sell, typically drugs. (T. at 5-7). Upon hearing said noise, a student in Mr. Turner's class who he knew to be involved in drug related activity, asked to use the restroom. Mr. Turner then went into the hallway to investigate and observed Appellant walking in the hallway and that when Appellant saw him, he immediately headed in the other direction. (T. at 7). Mr. Turner was suspicious of Appellant because he had previous experiences where Appellant and his friends would immediately dart out of the restroom when Mr. Turner entered. (T. at 16). After hearing and seeing Appellant in the hallways, Mr. Turner notified the assistant principal/intervention leader Ms. Kimberly Fete and Officer Michael Ondo, a Canton City Police Officer who is assigned to Timken H.S. full-time, as to the events he had witnessed. Appellant was summoned to the office and asked if he had any contraband on his person, to which he replied in the negative. (T. at 19, 20, 24, 26). A search of Appellant's person was conducted by Officer Ondo at the request of Ms. Fete. As a result of the search, crack cocaine was located in Appellant's right front pants pocket.
 {¶ 5} At his arraignment on January 20, 2004, Appellant entered a plea of not true.
 {¶ 6} On January 22, 2004, Appellant filed a motion to suppress the evidence found on him.
 {¶ 7} On February 12, 2004, the magistrate conducted a hearing on Appellant's motion to suppress, which resulted in the magistrate overruling said motion.
 {¶ 8} At said hearing, in addition to the above testimony of Mr. Turner, both Officer Ondo and Ms. Fete testified that they understood "knocking" to mean that an individual was telling others that he had illegal drugs to sell. (T. at 19, 29).
 {¶ 9} On March 15, 2004, at the trial in this matter, the parties stipulated that the testimony provided at the suppression hearing would be the testimony at trial. Additional stipulations included appellant's sate of birth and the crime laboratory reports.
 {¶ 10} Appellant presented no evidence.
 {¶ 11} At the close of the case, the magistrate found Appellant to be delinquent.
 {¶ 12} Appellant filed an objection to the magistrate's decision.
 {¶ 13} On March 15, 2004, the magistrate recommended that appellant be ordered committed indefinitely into the custody of the Ohio Department of Youth Service for a minimum period of six (6) months, which was stayed on condition that he did not violate any court orders, probation or any law.
 {¶ 14} The trial court adopted the finding of the magistrate and placed Appellant on probation.
 {¶ 15} On April 22, 2004, the trial court found that the magistrate's decision was supported by the facts and that probable cause existed for the search. The court overruled Appellant's objection.
 {¶ 16} It is from this decision overruling his objection that Appellant now appeals, assigning the following sole assignment of error:
 ASSIGNMENT OF ERROR {¶ 17} AI. The trial court erred when it overruled juvenile's objection, based on the police officer conducting a warrantless search of juvenile without probable cause or exigent circumstances, thereby committing prejudicial error and violating juvenile's rights against unreasonable searches and seizures, protected under the Fourth Amendment of the United States Constitution and Article i, Section 14 of the Ohio Constitution."
 I. {¶ 18} In appellant's sole assignment of error, he maintains the trial court erred in overruling his objection to the magistrate's decision on the motion to suppress. We disagree.
 {¶ 19} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; Statev. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v.Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623;Guysinger. As the United States Supreme Court held in Ornelasv. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 20} Numerous constitutional safeguards normally reserved for criminal proceedings are equally applicable to juvenile delinquency proceedings. State v. Walls (2002),96 Ohio St.3d 437, 446, 775 N.E.2d 829.
 {¶ 21} The Fourth Amendment to the United States Constitution protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The juvenile's right to be free from unreasonable search and seizure by law enforcement officers is the same as if he were an adult. New Jersey v. T.L.O. (1985), 469 U.S. 325,105 S.Ct. 733, 83 L.Ed.2d 720.
 {¶ 22} The Fourth Amendment, however, does not prohibit all warrantless searches, only unreasonable ones.
 {¶ 23} In New Jersey v. T.L.O. (1985), 469 U.S. 325, 341,105 S.Ct. 733, 742-743, 83 L.Ed.2d 720, 734, the United States Supreme Court determined that the legality of a search on school property needs to be justified only by a standard of "reasonableness, under all the circumstances, of the search." InT.L.O., a school teacher discovered a fourteen-year-old student smoking cigarettes in a school lavatory, in violation of a school rule. The teacher brought the student to the principal's office, where the assistant vice principal engaged the student with some questions. When the student stated that she had not been smoking, the assistant vice principal opened the student's purse and discovered a pack of cigarettes and cigarette rolling papers. The assistant vice principal then further searched the purse and found some marijuana, a pipe, several empty plastic bags, a substantial amount of money in one-dollar bills, two letters implicating her in drug dealing, and an index card containing names of students who owed her money. The court granted certiorari on the issue of whether the search consisted of aFourth Amendment violation. The court held that because the search was reasonable, no Fourth Amendment violation had occurred. Id. at 347-348, 105 S.Ct. at 745-746,83 L.Ed.2d at 738-739. In support of its decision, the court stated:
 {¶ 24} "It is evident that the school setting requires some easing of the restrictions to which searches by public authorities are ordinarily subject. The warrant requirement, in particular, is unsuited to the school environment: requiring a teacher to obtain a warrant before searching a child suspected of an infraction of rules (or of the criminal law) would unduly interfere with the maintenance of the swift and informal disciplinary procedures needed in the schools. Just as we have dispensed with the warrant requirement when `the burden of obtaining a warrant is likely to frustrate the governmental purpose behind the search,' * * * we hold today that school officials need not obtain a warrant before searching a student who is under their authority.
 {¶ 25} "The school setting also requires some modification of the level of suspicion of illicit activity needed to justify a search. Ordinarily, a search — even one that may permissibly be carried out without a warrant — must be based upon `probable cause' to believe that a violation of the law has occurred. * * * However, `probable cause' is not an irreducible requirement of a valid search. * * *
 {¶ 26} "We join the majority of courts that have examined this issue in concluding that the accommodation of the privacy interests of schoolchildren with the substantial need of teachers and administrators for freedom to maintain order in the schools does not require strict adherence to the requirement that searches be based on probable cause * * *. Rather, the legalityof a search of a student should depend simply on thereasonableness, under all the circumstances, of the search.
Determining the reasonableness of any search involves a twofold inquiry: first, one must consider `whether the * * * action was justified at its inception,' * * *; second, one must determine whether the search as actually conducted `was reasonably related in scope to the circumstances which justified the interference in the first place,' * * *." Under ordinary circumstances, a search of a student by a teacher or other school official will be "justified at its inception" when there are reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school. Such a search will be permissible in its scope when the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction. (Emphasis added; footnote omitted.) Id. at 340-343.
 {¶ 27} This Court in State v. Adams (Jan. 8, 2002), Licking App. No. 01 CA 76, 2002-Ohio-94, applied the constitutional standards established in T.L.O., supra, to a school search case in which a search of a student was conducted by the principal based on a tip that the student would be bringing drugs to school to sell. In such case, we found that the search was justified by reasonable grounds that the search would result in evidence that the student was violating school rules and law and that the scope of the search was reasonably related to the circumstance which justified the interference in the first place, namely the tip.
 {¶ 28} Similarly, the Court of Appeals for the Eleventh District, In re Adam (1997), 120 Ohio App.3d 364,697 N.E.2d 1100, also applied the T.L.O. standards, to a school search case in which a teacher found a student smoking cigarettes in violation of school policy. The student was not immediately searched, but was searched, without a warrant, later in the morning by the school's principal. The teacher had reported to the principal that he believed he smelled marijuana when he discovered the appellant smoking cigarettes earlier that morning. The principal searched the appellant's pockets and wallet and found no evidence of wrongdoing. The principal then searched the appellant's locker and the book bag, books, and coat contained inside of it. While searching inside the appellant's book bag, the principal discovered a pipe containing marijuana residue. The appellant moved to suppress the pipe from evidence. This trial court held that the search was "reasonable" and, therefore, complied with R.C. 3313.20(B)(1)(a), which permits the principal of a school to search a locker or its contents if there is reasonable suspicion that the search will produce evidence of a school or criminal rule violation. Id. at 376,697 N.E.2d at 1108.
 {¶ 29} T.L.O. supra, as well as the above cases, hold that a public school is an environment where there is a reduced expectation of privacy, which furthers the permissibility of warrantless searches.
 {¶ 30} While we recognize that the decision in T.L.O. was limited solely to school officials and their designees, and not to searches conducted by law enforcement, we find that in the instant case, the search conducted by Officer Ondo was conducted at the direction of Asst. Principal Fete. Officer Ondo is assigned to Timken High School full-time. He did not initiate the investigation of Appellant which led to his search and arrest. Instead we find that he was acting as the agent, or designee, of Asst. Principal Fete. Under the circumstances, it was less invasive for a male officer to search Appellant's person than a female school official, in this case Ms. Fete.
 {¶ 31} Applying the "reasonableness" standard to the warrantless search performed in this case, our review of the record indicates the search performed by Officer Ondo at the direction of Asst. Principal Fete was reasonably related to the objectives of the search and the search was not excessively intrusive. The scope of the search was not so broad as to make it unreasonable. It was limited to discovering drugs on appellant's person. Accordingly, we conclude the trial court did not err when it overruled appellant's objection to the magistrate's decision denying appellant's motion to suppress. The search conducted in this case met the "reasonableness" standard.
 {¶ 32} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 33} The decision of the Stark County Court of Common Pleas is affirmed.
Boggins, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.